■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAXY MICKENZIE, Appellant. [605 NYS2d 405] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered October 16, 1991, convicting him of criminal possession of a weapon in the third degree, assault in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a police officer stopped him for a traffic violation, the defendant assaulted the officer and fled, allegedly firing several shots at the officer. A backup police team arrived, searched for, and arrested the defendant who was hiding under a van. The police officer who had initially stopped the defendant testified at trial that the defendant possessed two guns. One gun had fallen from the defendant's person during the struggle and was recovered. While attempting to flee, the defendant allegedly fired the second gun at the officer. This second gun was never found. The jury acquitted the defendant of the charges relating to the second gun.

The defendant's challenge to the trial court's charge to the jury is unpreserved for appellate review (see, CPL 470.05 [2]; People v Whalen, 59 NY2d 273). In any event, there is no merit to the defendant's claim that the trial court erred by repeatedly using the word "alleged" in reference to the gun that was not recovered by the police, but failing to use the word "alleged" when the court referred to the gun recovered by the police, thereby conveying the court's belief that there was no dispute as to whether the defendant possessed the gun recovered by the police. In attempting to make a distinction between the two weapons, which were the bases for two different counts, the trial court could not reasonably have referred to an "alleged" gun in evidence, and the absence of the word "alleged" did not imply the court's belief that there was no dispute that the gun the police recovered came from the defendant since the charge required the jury to decide whether the defendant possessed that gun.

The defendant's contentions with regard to his sentence are without merit (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contention is unpreserved for

appellate review (see, CPL 470.05 [2]), and in any event, any error was harmless (see, People v Crimmins, 36 NY2d 230). Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.